[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Stanley Dorsey instituted the present action seeking injunctive relief and damages resulting from cats owned by the defendants trespassing upon, defouling, and damaging his property. Also, before the court is plaintiff's Motion for Contempt For Failure to comply with Injunction.
The case has a long and contentious history and involves neighbors contiguous to one another unable to live in any manner akin to peaceful coexistence. The major cause of the difficulties is that the defendants are animal lovers, a trait admired by the court, but, as expressed by the defendants, not to the liking of the plaintiff. Not everyone loves cats.
The evidence disclosed that at any given time since 1990 the defendants have provided a home for 10-25 cats which the defendant, Carl Ferrigno, finds homeless, ill or injured. Those cats that are elderly, sick or blind are housebound, and the others have access to the back yard.
In 1993 prior litigation between the parties was resolved by the parties stipulation to a judgment providing that "both parties agree to use their best efforts available to maintain all animals owned by them on their own property. . . ." Ex. 1. At that time and at present the plaintiff owns one dog a Lhasa Apso.
A temporary injunction was issued by Moran, J. on November 13, 1995, said injunction containing a finding by the court that the plaintiff "is experiencing irreparable harm regarding the enjoyment of his properly. . . . caused by the defendants' cats." Further, said injunction ordered the defendants to "erect an enclosure to enclose the cats within the defendants' property." CT Page 13989
The court finds that the defendants have made a reasonable effort to confine their cats to their own property by erecting a 6 foot fencing enclosure which, on the side adjacent to plaintiff's property, contains 2 feet of chicken wire on top of the plywood fencing. Therefore, the plaintiff's motion for contempt is denied.
The court is convinced, however, that the problem still exists and that one or more of the defendants' cats continue to breach the fence and gain access to the plaintiffs' property. Although the court is not an expert as to the climbing capabilities of the cat , it is apparent to the court that a small tree immediately adjacent to the fence between the parties' properties and on the defendants' property (Ex. 6H) represents an ideal route for a climbing cat to take in order to go up and over the fence.
The court is interested in assuring, if possible, an end to the conflict between these neighbors. This will be possible if, and only if, the defendants' cats can be irrefutably and permanently confined to the defendants' property. The court inquired of the defendant, Carl Ferrigno, if he knew a way to insure that his cats would be confined to his property and the court's order to follow adopts his opinions.
Based on the evidence before the court, the court finds that the continuing ability of the defendants' cats to invade the plaintiff's property would cause irreparable harm to the plaintiff regarding the enjoyment of his property. The defendants are therefore enjoined from allowing or permitting any further trespassing of their cat or cats upon the property of the plaintiffs. Therefore the court orders:
1) That the defendants remove the tree presently located adjacent to the fence separating the properties of the parties.
2) That the defendant construct a page fence enclosure which would include a top, thereby creating an escape proof area in his yard wherein his cats would be confined when outdoors.
The court declines to award monetary damages to the plaintiff at present.
Skolnick, J. CT Page 13990